UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Harold Torres
and other similarly situated individuals,

    Plaintiff(s),

v.

Central Florida Pool and Spa LLC,
and Jeffrey M. Mckinney, individually,

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Harold Torres, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Central Florida Pool and Spa LLC, and Jeffrey M. Mckinney, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Harold Torres is a resident of Polk County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Central Florida Pool and Spa LLC (from now on Central Florida Pool, or Defendant) is a Florida corporation, having a place of business in Polk County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual, Defendant Jeffrey M. Mckinney, was and is now the owner/partner/officer and operator of Defendant Corporation Central Florida Pool. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Harold Torres as a collective action to recover from the Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

7. Defendant Central Florida Pool specializes in commercial and residential pool remodeling, maintenance, and related services. Defendant maintains a place of business at 6205 Lake Wilson Road, Davenport, FL 33896, where Plaintiff worked.

8. Defendants Central Florida Pool and Jeffrey M. Mckinney employed Plaintiff Harold Torres as a non-exempted, full-time, hourly employee from January 12, 2022, to March 11, 2022, or 8 weeks.

9. Plaintiff had duties as a pool technician and pool cleaner. Plaintiff's wage rate was $14.00 an hour. Plaintiff's overtime rate was $21.00 an hour.

10. During his employment with Defendants, Plaintiff worked five days per week, from Monday to Friday, from 7:00 AM to 5:30, 6:30 PM or more. Plaintiff regularly and consistently worked more than 40 hours, and he was paid for overtime hours at the correct rate.

11. Nevertheless, Plaintiff alleges that during his employment with Defendants, he was not paid for 7.5 overtime hours per week.

12. To perform his work, Plaintiff drove a company vehicle with materials and supplies, and he had to take the vehicle home. Every day at 7:00 AM, when he arrived at his first service, Plaintiff clocked in through a telephone

application. But, at the end of the day, when he finished his work, Plaintiff had to clock out at Defendants' shop. It was mandatory to clock out at the shop. After clocking out at the shop, Plaintiff went home driving the company's vehicle.

13. However, regardless of the number of overtime hours worked by Plaintiff, Defendants improperly deducted 1 hour daily to cover the time employed returning to the shop to clock out. Defendants required Plaintiff to clock out at the shop, but they deducted one hour from Plaintiff's overtime hours.

14. Furthermore, Defendants deducted 2.5 hours per week as lunchtime, even though Plaintiff was never able to take bonafide lunchtime.

15. Defendants improperly deducted from Plaintiff's working hours 7.5 hours per week. These 7.5 hours constitute 7.5 unpaid overtime hours.

16. Consequently, Plaintiff is claiming 7.5 overtime hours for every week that he worked for Defendants.

17. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly through direct deposits.

20. Plaintiff was not in agreement with the deduction of 7.5 overtime hours per week, and he complained verbally to the accountant of the business Ms. Leslie LNU, on or about February 21, 2022. Ms. Leslie explained to Plaintiff that Defendants could not pay him for the last hour of work, traveling from Jobsite to the office, because Plaintiff was not doing anything productive for the company during that hour.

21. As a result of Plaintiff's complaint, on or about March 11, 2022, Defendants fired Plaintiff using pretextual reasons.

22. Plaintiff Harold Torres seeks to recover 7.5 unpaid overtime hours weekly for every week he worked for Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every pool technician, pool cleaner, maintenance employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

26. Plaintiff Harold Torres re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. Defendant Central Florida Pool was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a pool repair and maintenance company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a pool technician and pool cleaning employee, and driver. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

29. Defendants Central Florida Pool and Jeffrey M. Mckinney employed Plaintiff Harold Torres as a non-exempted, full-time, hourly employee from January 12, 2022, to March 11, 2022, or 8 weeks.

30. Plaintiff had duties as a pool technician and pool cleaner. Plaintiff's wage rate was $14.00 an hour. Plaintiff's overtime rate was $21.00 an hour.

31. During his employment with Defendants, Plaintiff worked five days per week, more than 40 hours per week, and he was paid for overtime hours at the correct rate.

32. Nevertheless, Plaintiff alleges that during his employment with Defendants, he was not paid for 7.5 overtime hours per week.

33. To perform his work, Plaintiff drove a company vehicle with materials and supplies, and he had to take the vehicle home. Every day at 7:00 AM when he arrived at his first service, Plaintiff clocked in through a telephone application. But, at the end of the day, when he finished his work, Plaintiff had to clock out at Defendants' shop. It was mandatory to clock out at the

shop. After clocking out at the shop, Plaintiff went home driving the company's vehicle.

34. Regardless of the number of overtime hours worked by Plaintiff, Defendants improperly deducted 1 hour daily to cover the time employed returning to the shop to clock out. Defendants required Plaintiff to clock out at the shop, but they deducted one hour from Plaintiff's overtime hours.

35. Furthermore, Defendants deducted 2.5 hours per week as lunchtime, even though Plaintiff was never able to take bonafide lunchtime.

36. Defendants improperly deducted from Plaintiff's working hours 7.5 hours per week. These 7.5 hours constitute 7.5 unpaid overtime hours.

37. Consequently, Plaintiff is claiming 7.5 overtime hours for every week he worked for Defendants.

38. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid weekly through direct deposits.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

44. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Two Hundred Sixty Dollars and 00/100 ($1,260.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 8 weeks
    Relevant weeks of employment: 8 weeks

      Total relevant weeks: 8 weeks
      Total hours worked: more than 40 hours weekly
      Total unpaid O/T hours: 7.5 overtime hours weekly
      Regular rate: $14.00 x 1.5=$21.00 O/T rate
      O/T rate $21.00

      O/T $21.00 x 7.5 O/T hours=$157.50 weekly x 8 weeks=$1,260.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. At times mentioned, individual Defendant Jeffrey M. Mckinney was, and is now, the owner/partner/manager of Central Florida Pool. Defendant

Jeffrey M. Mckinney was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Central Florida Pool's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jeffrey M. Mckinney had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

48. Defendants Central Florida Pool and Jeffrey M. Mckinney willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Harold Torres and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Harold Torres and other similarly situated

individuals and against the Defendants Central Florida Pool and Jeffrey M. Mckinney based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Harold Torres actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Harold Torres demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)

50. Plaintiff Harold Torres re-adopts every factual allegation stated in paragraphs 1-25 of this complaint as if set out in full herein.

51. Defendant Central Florida Pool was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

Defendant is a pool repair and maintenance company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

52. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a pool technician and pool cleaning employee, and driver. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, ......"

56. Defendants Central Florida Pool and Jeffrey M. Mckinney employed Plaintiff Harold Torres as a non-exempted, full-time, hourly employee from January 12, 2022, to March 11, 2022, or 8 weeks.

57. Plaintiff had duties as a pool technician and pool cleaner. Plaintiff's wage rate was $14.00 an hour. Plaintiff's overtime rate was $21.00 an hour.

58. During his employment with Defendants, Plaintiff worked five days per week, more than 40 hours per week, and he was paid for overtime hours at the correct rate.

59. Nevertheless, Plaintiff alleges that during his time of employment with Defendants, he was not paid for 7.5 overtime hours per week.

60. Regardless of the number of overtime hours worked by Plaintiff, Defendants improperly deducted 1 hour daily to cover the time employed returning to the shop to clock out. Defendants required Plaintiff to clock out at the shop, but they deducted one hour from Plaintiff's overtime hours.

61. Furthermore, Defendants deducted 2.5 hours per week as lunchtime, even though Plaintiff was never able to take bonafide lunchtime.

62. Defendants improperly deducted from Plaintiff's working hours 7.5 hours per week. These 7.5 hours constitute 7.5 unpaid overtime hours.

63. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

64. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

65. Plaintiff was paid weekly through direct deposits.

66. Plaintiff was not in agreement with the deduction of 7.5 overtime hours per week, and he complained verbally to the accountant of the business Ms. Leslie LNU, on or about February 21, 2022. Ms. Leslie explained to Plaintiff that Defendants could not pay him for the last hour of work, traveling from Jobsite to office, because Plaintiff was not doing anything productive for the company during that hour.

67. This complaint constituted protected activity under the FLSA.

68. However, as a direct result of Plaintiff's complaint, on or about March 11, 2022, Defendants fired Plaintiff using pretextual reasons.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

70. There is close proximity between Plaintiff's protected activity and his termination.

71. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaint about unpaid overtime wages.

72. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

73. At times mentioned, individual Defendant Jeffrey M. Mckinney was, and is now, the owner/partner/manager of Central Florida Pool. Defendant Jeffrey M. Mckinney was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Central Florida Pool's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jeffrey M. Mckinney had financial and

operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

74. Plaintiff Harold Torres has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiff Harold Torres respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Central Florida Pool and Jeffrey M. Mckinney that Plaintiff Harold Torres recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Central Florida Pool and Jeffrey M. Mckinney to make whole the Plaintiff by providing appropriate back pay and other

benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Harold Torres further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Harold Torres demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 16, 2022

        Respectfully submitted,

        By:  **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone:     (305) 446-1500
        Facsimile:      (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*