UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD TORRES, and other
similarly situated individuals,

    Plaintiff,

v.                                                          Case No.:  8:22-cv-618-CEH-MRM

CENTRAL FLORIDA POOL AND
SPA, LLC and JEFFREY M.
MCKINNEY,

    Defendants.
_____/

## ORDER

The parties filed a Joint Motion for Entry of Order Approving Settlement and Dismissing Case With Prejudice on July 12, 2022.  (Doc. 15).  For the reasons below, the motion is **DENIED WITHOUT PREJUDICE**.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable [resolution] of a bona fide dispute" of the claims raised.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Lynn's Food Stores*, 679 F.2d at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their

employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When employees sue, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees sue under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## ANALYSIS

Upon preliminary review, the Court finds that the proposed settlement suffers from at least three deficiencies that preclude a finding of fairness and reasonableness at this time.

1.   **Monetary Terms:**  Although Plaintiff's Complaint alleges that Defendants failed to properly compensate Plaintiff for 7.5 overtime hours per week

for 8 weeks, totaling $1,260.00 in unpaid overtime, (*see* Doc. 1 at 7-10),[1] Plaintiff does not allege an amount of damages for the retaliation claim, (*see id.* at 12-17). Likewise, the motion does not include any estimate of the amount of damages Plaintiff allegedly incurred as a result of any alleged retaliation. (*See* Doc. 15). Instead, in the motion, the parties broadly note that under the settlement Plaintiff would receive "full compensation – *without compromise* – for his unpaid overtime wage claims ($1,260.00) plus an equal amount in liquidated damages ($1,260.00)" and "additional compensation for his highly disputed retaliation claim ($1,480.00)." (Doc. 15 at 7 (emphasis in original)). Despite this perfunctory statement as to the allocation, neither the joint motion nor the settlement agreement provide any meaningful discussion of the basis for Plaintiff's alleged damages or how the proposed settlement amounts relate to those damages. (*See id.*). Without this information, the Court cannot evaluate whether the proposed monetary terms are a fair and reasonable resolution of the FLSA dispute. *See Schultz v. Wilson Lighting of Naples, Inc.*, No. 2:20-cv-400-FtM-38MRM, 2021 WL 467188, at *2 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, No. 2:20-cv-400-SPC-MRM, 2021 WL 463815 (M.D. Fla. Feb. 9, 2021) (finding that the Court cannot evaluate the monetary terms absent a statement of the amount of damages the plaintiff alleged he was owed and a description of the review undertaken to reach proposed amounts).

---

[1] Plaintiff alleges that his overtime rate was $21.00. (*See* Doc. 1 at ¶ 30).

Even more concerning, however, is the conspicuous inconsistency throughout the motion as to the amounts allocated for each claim.  As noted above, the parties explain in the joint motion that Plaintiff would receive $1,260.00 for his unpaid overtime wage claims and an equal amount in liquidated damages, as well as $1,480.00 for his retaliation claim. (Doc. 15 at 7).  Elsewhere in the motion and in the agreement itself, however, the parties explain that Plaintiff will be paid a total of $4,000.00, of which "$2,000.00 shall be allocated in satisfaction of Plaintiff's claim for 'unpaid wages'; and $2,000.00 shall be allocated in satisfaction of Plaintiff's claim for 'liquidated damages' and any other damages claimed by Plaintiff under the FLSA in this action." (*Id.* at 6; *see also* Doc. 15-1 at ¶ 3.a.i.).  The parties do not resolve this inconsistency as to the amount to be paid to Plaintiff for his unpaid wage claim. (*See* Doc. 15 at 6-7).  In light of this discrepancy, the Court cannot determine whether the proposed monetary terms are a fair and reasonable resolution of the FLSA disputes.

Because the Court cannot determine the fairness and reasonableness of the monetary terms, the motion is denied without prejudice.  In any renewed motion, the parties must resolve any inconsistencies in the allocation of the settlement funds and provide enough information for the Court to evaluate the fairness and reasonableness of the monetary terms.

2. **Unexplained Release Language:** In the provision entitled "Release of FLSA Claims," Plaintiff releases only FLSA claims against Defendants, while Defendants release any and all claims that they have against Plaintiff arising out of or relating to Plaintiff's employment with Defendants. (*See* Doc. 15-1 at ¶ 2).  At the

4

end of the agreement, however, Plaintiff appears to waive additional claims, other than those arising under the FLSA. (*See id.* at 9). More specifically, the second to last paragraph of the agreement reads:

> **HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

(*Id.* (emphasis in original)). By waiving "all claims [the parties] have or might have against each other," the statement appears to constitute a mutual general release in connection with the settlement. The parties do not (1) acknowledge the existence of the general release in their joint motion, (2) discuss or explain the inconsistency between this release language and the more limited language contained in the Release of FLSA Claims provision, or (3) explain why the Court should approve the non-cash concession as fair and reasonable. The Court will require them to do so in any renewed motion. In this regard, the Court has considered whether the problematic language could be severed from the agreement to avoid asking the parties to go back to the drawing board on this point. But the parties have painted themselves into a corner in this regard because the severance provision in their agreement expressly forbids severing "the release language." (*Id.* at ¶ 9).

3. **Neutral Reference Provision:** The settlement agreement also includes a neutral reference provision. (Doc. 15-1 at ¶ 7). Specifically, the provision provides that "Defendants agree that if contacted by a potential employer regarding Plaintiff, Defendants will provide a neutral reference, stating only Plaintiff's employment dates, compensation and position, without reference to any claim, lawsuit, or the resolution thereof." (*Id.*). The parties failed to address this provision or otherwise explain how it is fair and reasonable. Even still, this provision likely inures to Plaintiff's benefit, (*see id.*), and jurists of this Court have approved neutral reference provisions under similar circumstances, *see, e.g.*, Buntin v. Square Foot Mgmt. Co., LLC, No. 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015). Because the Court denies the motion without prejudice on other grounds, however, the Court will require the parties to affirmatively address why this provision is fair and reasonable under the circumstances.

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. The Joint Motion for Entry of Order Approving Settlement and Dismissing Case With Prejudice (Doc. 15) is **DENIED WITHOUT PREJUDICE**.

2. **No later than October 21, 2022**, the parties must either:

6

      a.      file a renewed motion that complies with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), its progeny, and this Order; or

      b.      file a Uniform Case Management Report with proposed case management deadlines and a proposed trial term.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

7